MONROE, J.
The district court gave judgment, making peremptory a writ of mandamus directing the registrar of voters to comply with the demand of relator for registration, and the registrar has appealed.
It is admitted that relator possesses the qualifications prescribed by the general provision, or first paragraph, of article 197 of the Constitution, and the educational qualification prescribed by section 3 of that article; but he demanded to be registered upon the property qualification prescribed by section 4, and his demand having been refused, on the ground that, being qualified to register under section 3, he is not entitled to register under section 4, he brought his suit, with the result stated. The provisions of the Constitution which bear upon the question presented are to the following effect, to wit:
“Art. 197. Every male citizen of this state and of the United States, native born or naturalized, not less than twenty-one years of age, and possessing the following qualifications, shall be an elector, and shall be entitled to vote at any election in the state by the people, except as may be herein otherwise provided.”
Section 1 provides that he shall have resided in the state for two, and the parish for one, year, and in the precinct in which he offers to vote for six months, and makes certain provisions in regard to change of residence.
Section 2 provides that he “shall have *682 been, at the time that he offers to vote, legally enrolled as a registered voter, on his personal application, in accordance with the provisions of this Constitution and the laws enacted thereunder”; and, further, for the enactment of laws carrying; into effect, from and after December 81, 1898, the provisions of the Constitution relative to the qualifications and registration of voters.
Section 3 provides that “he shall be able to read and write,” and shall demonstrate his ability so to do in a particular, manner; the section entering into considerable detail and prescribing a form of application.
The next section we quote:
“Sec. 4. If he be not able to read and write, as provided by section three of this article, then he shall be entitled to register and vote if he shall, at the time he offers to register, be a bona fide owner of property assessed to him in this state at a valuation of not less than three hundred dollars on the assessment roll of the current year in which he offers to register, or on the roll of the preceding year, if the roll of the current year shall not then have been completed and filed, and on which, if such property be personal only, all taxes due shall have been paid.”
The section further requires the applicant to make oath as to his citizenship, his age, his possession of the qualifications required by section 1, his ownership of property, and the payment of the taxes thereon, if it be movable.
Section 5, known as the “grandfather clause,” is framed in language differing materially from that used in section 4, and may be left out of the present discussion.
Article 198 provides that:
“No person less than 60 years of age shall be permitted to vote at any election in this state who shall not, in addition to the qualifications above prescribed, have paid * * * poll tax.. * * * ”
It will be seen from the foregoing that article 197 begins with the declaration that:
“Every male citizen, * * * not less than twenty-one years of age, and possessing the_ following qualifications, * * * shall be entitled to vote, * * * except as may be herein otherwise .provided,” etc.
Section T then prescribes the first qualification, which is residence in the state, etc.; but that, of itself, is not enougjh, and section 2 declares that, in addition to his citizenship, his age, and his residence, he must further qualify by causing himself, on his personal application, to be enrolled as a registered voter; and the succeeding sections 3, 4, and 5 then prescribe the qualifications, property, status, and condition that he must possess and comply with in order to enable him to become so enrolled, to wit, the ability to read and write, property to the value of $300, the status of a person who could' vote, or whose father or grandfather could vote, where he lived, prior to 1867, and the payment of his poll tax. It is clear that all of these qualifications are not required, though all of them would be of no avail without the payment of the poll tax, and equally clear that any one of them, with the poll tax paid, would be sufficient. The question then is’: May the male citizen and resident, supposing that he possesses all of them, select either that he pleases, as the basis of his registration? If it had been so intended, it appears to us that, after finishing with the details of section 3, reading, “if he shall be able to read and write, then,” etc., the framers of the Constitution would have begun section 4 with, “or he shall be the bona fide owner of property to the value,” etc., or something to that effect. Section 4, however, reads, “If he l e not able to read and write, as provided by section three, * * * then he shall be entitled to register and vote if he shall * * * be the bona fide owner of property,” etc., which negatives the idea that it was the intention that he should be entitled to register upon his property qualification if he possessed the other; for a grant made upon a condition, or sub modo, is not an unconditional or unqualified grant, and must be taken with the condition or qualification attached to it. In *684 fact, we find it impossible to construe section 4 as meaning that one may register by reason of Ms property qualification, though he be able to read and write, without eliminating the qualifying language altogether, since the words, “if he be not able to read and write, * * * then,” mean in that event, or in that case, or provided, and no interpretation or construction can give them any other meaning; and the right to qualify, under section 4, if, or in case, or provided, one is not able to qualify under section 3, cannot be made to mean the right to qualify under that section if one is able to qualify under section ,3.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that there now be judgment for defendant, rejecting plaintiff’s demand and dismissing his suit, at Ms cost in both courts.